UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELIQUE L. MAHOME and ) <br> VERONICA L. CLARK, ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) CASE NO. 2:23-cv-38 <br> ) <br> U.G.N., INC., ) <br> ) <br> Defendant. ) | |

*COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND REQUEST FOR TRIAL BY JURY*

Plaintiffs Angelique L. Mahome (hereinafter "Mahome") and Veronica L. Clark (hereinafter "Clark"), by their counsel and for their cause of action against Defendant U.G.N., Inc. (hereinafter "U.G.N."), states as follows:

*I. FACTUAL ALLEGATIONS*

1. Mahome resides in Porter County, Indiana and Clark resides in Lake County, Indiana. Both worked for U.G.N. at its offices in Valparaiso, Porter County, Indiana.

2. Mahome and Clark worked together in U.G.N.'s Human Resources Department at U.G.N.'s Valparaiso, Indiana facility. Mahome was employed as a Human Resources Generalist. Clark was employed as a Human Resources Assistant. Both were wrongfully terminated together on July 7, 2022.

3. Mahome and Clark are both African American. Their immediate supervisor, Kelly Smolinski, is Caucasian. Ms. Smolinski is the primary person responsible for the acts of race discrimination and retaliation against Mahome and Clark. Ms. Smolinski is the primary

1

person responsible for terminating Mahome and Clark.

4.  As explained in more detail below, both Mahome and Clark believe they were victims of Kelly Smolinski's racist behaviors and decisions. However, as much as anything else, Mahome and Clark believe they were terminated for opposing racist decisions made by Kelly Smolinski (meaning, Mahome and Clark were fired for opposing unlawful, racist conduct). Mahome and Clark's efforts to contest Kelly Smolinski plainly discriminatory and racist employment decisions led Smolinski to fire them both. Below are a few examples:

   a.  Close in time to one another, two employees had separate work accidents. Each was required to submit to a company-required drug screen. Both tested positive for marijuana. The African American employee was fired. The Caucasian employee, James Butter, was not punished and was allowed to keep his job.

   b.  Both Mahome and Clark vehemently protested this discriminatory application of UGN's rules and insisted that the Caucasian employee be treated the same as the African American employee - either both kept jobs or both should be fired. Smolinski refused to correct the discriminatory decision.

   c.  After the drug screen issue, that same Caucasian employee, James Butter, became embroiled in a series of arguments with African American coworkers. Reports to the U.G.N. Human Resources offices confirm that James Butter was calling African American coworkers "ni–er" and other racial slurs. Butter was telling African Americans that they used to be slaves and owned by his ancestors. The racist comments were properly reported. Mahome and Clark wanted to, at the least, discipline James Butter, but Kelly Smolinski vetoed Mahome and Clark and

2

     U.G.N. took no action to fire or to even punish Butter for blatant racial harassment and hostility.

  d. Shortly after Smolinski's decision to forego discipline to him, James Butter was given a promotion. Moreover, James Butter was handed this promotion over more qualified U.G.N. employees for the job. One of the more qualified employees was Sonja Chester, an African American woman.

  e. More recently, U.G.N. had two job candidates for the same or similar jobs. One was Caucasian and one was African American. U.G.N. has a practice of conducting criminal history background checks on job candidates. U.G.N.'s check on the Caucasian candidate led to a discovery that the Caucasian had a criminal conviction for rape/sexual assault. The Caucasian was hired by U.G.N. The African American candidate had a criminal conviction for a lesser charge of sexual assault. U.G.N. rejected the African American candidate and would not hire him because of his conviction.

  f. Again, both Mahome and Clark vehemently protested this discriminatory application of U.G.N.'s rules and insisted that the Caucasian job applicant be treated the same as the African American applicant - either both should be hired or both should be rejected. Smolinski refused to correct the discriminatory decision.

 5. Title VII prohibits retaliation against current and former employees for participating in any Title VII proceeding, or, as was the case repeatedly here, for opposing any act made unlawful by Title VII. See *Robinson v. Shell Oil Company*, 519 U.S. 337 (1997).

Mahome and Clark repeatedly protested racially discriminatory decisions to their supervisor, Kelly Smolinski, but Smolinski rebuffed Mahome and Clark on each occasion. Moreover, Mahome and Clark's protests against racial discrimination led Smolinski to retaliate and terminate Mahome and Clark's positions of employment. Tensions over Smolinski's racist decisionmaking increased to the point that Smolinski chose to fire Mahome and Clark in order to block out further protests.

6. U.G.N., acting primarily through Kelly Smolinski, also discriminated against Mahome and Clark because of their race, African American, and treated them less favorably in terms and conditions of employment and in the overall decision to terminate. As examples:

    a. Beginning in 2020, Kelly Smolinski decided that U.G.N. office staff should clean their own front office, break room and parking lot, particularly due to COVID-19 sanitizing. U.G.N. did have a cleaning service, but Smolinski ordered Mahome and Clark, the two African American women working for UGN in separate office areas, to perform all cleaning in Kelly Smolinski's management office area. This continued every day for 2 years. Cleaning was not part of Mahome or Clark's job. No Caucasian office employees were similarly asked to help clean, nor were any Caucasian employees similarly ordered to clean the front office, break room or parking lot.

    b. During 2020 COVID-19 restrictions, Mahome was furloughed for three months. Other Caucasian office workers were similarly furloughed. Caucasian employees were paid furlough funds and wages. Mahome, their African American coworker, was not paid the furlough money by U.G.N.

c. U.G.N., acting through Kelly Smolinski, suspended Mahome and Clark together on the same day, believed to be July 1, 2022, and terminated Mahome and Clark together on the same day, July 7, 2022. Mahome and Clark were the only two U.G.N. office employees suspended and terminated on those days. No legitimate reason was offered for termination. Neither Mahome, nor Clark had any history of discipline or warning that their employment was in jeopardy, as was U.G.N.'s policy and practice. Other Caucasian coworkers were certainly treated more favorably - offered warnings and the chance to improve prior to any termination decision.

d. Smolinski is advertising Mahome and Clark's positions and seeking to hire replacements.

e. To the extent she offered any explanation, Smolinski has been inconsistent and pretextual in providing excuses. Smolinski claimed Mahome took too long a break one day and was fired for doing so. Mahome went to her local county courthouse to obtain a protective order. When she told Smolinski this, Smolinski then told Mahome she was punishing her because Mahome should have told her Mahome's reason for going to the courthouse. Smolinski was not Mahome's friend or confidant.

f. Similarly, Smolinsk told Clark she was punishing Clark because Clark locked her office and kept Smolinski out by removing Smolinski's badge swipe access to Clark's office for a brief time. Smolinski has a history of snooping through others' offices and Clark did not want Smolinski to snoop while she was away

5

from her office. No one was ever fired for changing badge access or locking offices.

7. All of U.G.N. (and Smolinski's) reasons for terminating Mahome and Clark's employment are false and pretextual. All are reasons similarly situated Caucasian employees were not disciplined at all (in similar circumstances), much less fired.

8. Finally, even after wrongfully terminating Mahome and Clark's employment, U.G.N., acting again through Kelly Smolinski, has sought to further retaliate against and pressure Mahome and Clark. U.G.N. has tried to pressure Mahome and Clark to sign full releases of claims in exchange for embarrassingly small severance payments. U.G.N., acting through Smolinski, has refused to allow Mahome and Clark to clear out their offices or pick up their own personal items and medicine. Smolinski has gone so far as to threaten contact with the police and claim trespassing if either Mahome or Clark visiting the U.G.N. offices to pick up personal items.

9. Mahome and Clark are bringing claims of race discrimination and retaliation (particularly retaliation for opposing unlawful, racist conduct and decisions) against UGN under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 USC § 1981.

10. Mahome and Clark are seeking all available damages, including all equitable relief such as all back pay and benefits and all front pay and benefits, all available compensatory damages, and all punitive damages. They are seeking payment of all of their reasonable attorney's fees, costs and expenses.

11. By way of this Complaint, Mahome and Clark seek to vindicate their rights and

the rights of other African American employees to fair and equal opportunity in employment.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C § 2000e et seq, and 42 U.S.C. § 1981, as Mahome and Clark's Complaint raises federal questions of law.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the unlawful conduct alleged herein was and is now being committed in the Northern District of Indiana.

## III. ADMINISTRATIVE COMPLIANCE

14. Mahome and Clark have complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Plaintiffs received their respective Notices o of Right to Sue from the U.S. Equal Employment Opportunity Commission. Those Notices of Right to Sue are dated January 30, 2023.

## IV. STATEMENT OF CLAIMS

### A. RACE DISCRIMINATION CLAIMS UNDER 42 U.S.C. § 1981

15. Mahome and Clark allege and incorporate herein by reference paragraphs 1 through 14 above.

16. Mahome and Clark each had an employment relationship with U.G.N. thereby creating relationship that were contractual in nature between Plaintiffs and U.G.N.

17. U.G.N.'s discriminatory and retaliatory actions have violated Mahome and Clark's rights which are protected by the Civil Rights Act of 1866, 42 U.S.C. § 1981.

18. Specifically, Mahome and Clark were treated in a disparate manner in the terms, conditions and privileges of their employment as compared to other similarly situated Caucasian

7

co-workers. U.G.N. discriminated against Plaintiffs because of their race and retaliated against Plaintiffs when they made specific complaints about U.G.N.'s racist decisions in hiring and discipline of others. Plaintiffs were retaliated against and were ultimately subjected to severely disparate discipline and discriminatorily fired by U.G.N.

19. As a direct and proximate result of U.G.N.'s discriminatory and retaliatory practices, Mahome and Clark have found it necessary to retain the services of an attorney and therefore they are entitled to their reasonable attorney's fees, costs and expenses in this matter.

20. By way of this Complaint, Mahome and Clark specifically allege that U.G.N. intentionally and/or with reckless disregard, discriminated against them in the terms, conditions and privileges of their employment on the basis of their race. As a direct result of this discrimination, both Mahome and Clark have suffered substantial damages.

21. Mahome and Clark are seeking from U.G.N. all available damages under 42 U.S.C. § 1981, including all available back pay and benefits, front pay and benefits, all available compensatory damages, punitive damages, their attorney's fees, expenses and costs, plus any and all other equitable relief.

### B. RACE DISCRIMINATION CLAIMS UNDER TITLE VII

22. Mahome and Clark allege and incorporate herein by reference paragraphs 1 through 21 above.

23. U.G.N.'s discriminatory and retaliatory actions have violated Mahome and Clark's rights which are protected by Title VII of the Civil Rights Act of 1964.

24. Specifically, Mahome and Clark were treated in a disparate manner in the terms, conditions and privileges of their employment as compared to other similarly situated Caucasian

co-workers. U.G.N. discriminated against Plaintiffs because of their race and retaliated against Plaintiffs when they made specific complaints about U.G.N.'s racist decisions in hiring and discipline of others. Plaintiffs were retaliated against and were ultimately subjected to severely disparate discipline and discriminatorily fired by U.G.N.

25. As a direct and proximate result of U.G.N.'s discriminatory and retaliatory practices, Mahome and Clark have found it necessary to retain the services of an attorney and therefore they are entitled to their reasonable attorney's fees, costs and expenses in this matter.

26. By way of this Complaint, Mahome and Clark specifically allege that U.G.N. intentionally and/or with reckless disregard, discriminated against them in the terms, conditions and privileges of their employment on the basis of their race. As a direct result of this discrimination, both Mahome and Clark have suffered substantial damages.

27. Mahome and Clark are seeking from U.G.N. all available damages under Title VII of the Civil Rights Act of 1964, including all available back pay and benefits, front pay and benefits, all available compensatory damages, punitive damages, their attorney's fees, expenses and costs, plus any and all other equitable relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Angelique L. Mahome and Veronica L. Clark request the following relief:

1. That the Court issue a declaratory judgment deeming the actions of U.G.N. to be violations of Mahome and Clark's rights under the Civil Rights Act of 1866 and Title VII of the Civil Rights Act of 1964;

2. That the Court enjoin and restrain U.G.N. and all other persons acting on its

behalf from engaging in such unlawful and discriminatory practices as set forth in this Complaint;

3. That the Court enter judgment in favor of Mahome and Clark and against U.G.N. for all lost wages and benefits, including back pay and front pay, that the Court determines Mahome and Clark lost as a result of U.G.N.'s unlawful conduct, together with all available pre-judgment interest;

4. That the Court enter judgment in favor of Mahome and Clark and against U.G.N. for all available compensatory damages, including, but not limited to, damages for pecuniary losses, damages for humiliation, career disadvantage, loss of enjoyment of life, mental and emotional stress and anguish, and future lost earnings, all together with pre-judgment interest. Further, that the Court award Mahome and Clark punitive damages against U.G.N.;

5. That the Court award to Mahome and Clark their reasonable attorneys fees, costs and expenses;

6. That the Court award any and all such other and further equitable relief as may be appropriate to fully redress the deprivation of Mahome and Clark's rights, to prevent their reoccurrence in the future and to protect other U.G.N. employees from such unlawful behavior.

       HASSLER KONDRAS MILLER LLP
       100 Cherry St.
       Terre Haute, Indiana 47807
       (812) 232-9691

       By /s/Robert P. Kondras, Jr.
         Robert P. Kondras, Jr.
         Attorney No. 18038-84
         Attorney for Plaintiff
         kondras@hkmlawfirm.com

## *REQUEST FOR TRIAL BY JURY*

Come now Plaintiffs Angelique L. Mahome and Veronica L. Clark, by their counsel, and hereby request a trial by jury, on all issues which may be tried to a jury.

                HASSLER KONDRAS MILLER LLP
                100 Cherry St.
                Terre Haute, Indiana 47807
                (812) 232-9691

                By /s/Robert P. Kondras, Jr.
                    Robert P. Kondras, Jr.
                    Attorney No. 18038-84
                    Attorney for Plaintiff
                    kondras@hkmlawfirm.com